# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | Criminal Action No. 13-60 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| JORDAN MURPHY. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Defendant's Motion to Reconsider the Court's November 10, 2016 Order denying his Motion to Correct Judgment in a Criminal Case (**Doc. 186**). For the reasons that follow, Defendant's Motion for Reconsideration (**Doc. 186**) will be DENIED.

## I. MEMORANDUM

On November 8, 2016, Defendant filed a letter to the Court, styled "Rule 36 Motion to Correct Judgment." (Doc. 184). In his letter, Defendant stated that "the Federal Bureau of Prisons has disallowed the time credits granted to me by [the Court] . . . because the Bureau of Prisons somehow does not interpret [the Court's] sentence ("100 months, with credit for time served on any federal detainer") as provided in my Judgment in a Criminal Case, as crediting me with time served on my federal detainer (approximately between 14 to 16 months). (Id.).

On November 10, 2016, the Court denied Defendant's request for relief pursuant to Federal Rule of Criminal Procedure 36. (Doc. 185). Specifically, the Court explained that, as it understood Defendant's letter, he had not identified an error in the Judgment imposed by the Court ("J&C") but rather had alleged that the Bureau of Prisons (BOP) miscalculated the amount

1

of credit that should be applied to his federal sentence. The Court held that such a claim must be brought in a separate lawsuit, as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Accordingly, the Court denied Defendant's Rule 36 motion, without prejudice to his filing a separate habeas corpus petition asserting the same allegations against the BOP.

On November 28, 2016, Defendant filed the instant Motion for Reconsideration, in which he clarifies that he is in fact asking the Court to correct his J&C to specifically state that the BOP should credit him for the 14 months he purportedly served on a federal detainer. Defendant's Motion for Reconsideration is denied. The J&C properly provides that Defendant should be credited for all time served on any federal detainer. Contrary to Defendant's contention, the Court did not agree at Defendant's sentencing hearing to specify in the J&C the amount of time he has served on a federal detainer. Furthermore, it is well established that it is within the authority of the BOP—and not the Court— to calculate Defendant's federal sentence. See United States v. Wilson, 503 U.S. 329 (1992) (explaining that the Attorney General is responsible for computing federal sentences); 28 C.F.R. § 0.96 (the Attorney General delegating its authority to compute sentences to the Director of the BOP). Once again, to the extent that Defendant believes the BOP miscalculated his sentence, he is free to file a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's calculation.

## II. ORDER

For the reasons stated above, Defendants' Motion for Reconsideration (**Doc. 186**) is DENIED.

IT IS SO ORDERED.

December 1, 2016
s/Cathy Bissoon
Cathy Bissoon
United States District Judge

CC (via ECF email notification):

All Counsel of Record

CC (via U.S. Mail):

Jordan Murphy
FCI Cumberland
P.O. Box 1000
Cumberland, MD 21301